IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jesse M. James, | ) | C/A No.:  0:13-210-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Lancaster Sheriff Department; Barry | ) | |
| Faile; Lancaster Newspaper Owner; | ) | |
| and Chief Editor, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the
Lancaster County Detention Center.  He brings this civil rights action, which is construed as
brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.
Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d)
(D.S.C.), the undersigned is authorized to review such complaints for relief and submit
findings and recommendations to the district judge.  For the reasons that follow, the
undersigned recommends that the district judge dismiss the complaint in this case without
prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that he was arrested on February 17, 2012, by the Lancaster Sheriff's
Department ("LSD") on charges of second degree burglary and larceny.  [Entry #1 at 1].
Plaintiff claims that the LSD "fed information to a reporter for the Lancaster newspaper,"
and the newspaper printed an article entitled "Stolen Liquor Leads to Burglar." *Id*.  Plaintiff

alleges the article—which he does not provide a copy of—stated that he was the burglar. *Id.* at 2. Plaintiff alleges he was found guilty of a "receiving stolen goods charge, which carried only thirty days, and not burglary." *Id.* Plaintiff seeks actual and punitive damages. *Id.* at 2–3.

II.    Discussion

A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine*

2

*v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

1.    Lancaster Sheriff Department

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The LSD should be dismissed because it is not a person subject to suit in a § 1983 civil rights action. It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (setting forth the elements of a § 1983 action). Sheriffs' departments in South Carolina are considered alter egos or arms of the state. *See Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd*, 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state);

S.C. Code § 23-13-550. As an arm of the state, the LSD is not a person within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."); *see, e.g., McCall v. Strickland*, C/A No. 4:11-1324-RMG-TER, 2012 WL 2428600 (D.S.C. June 1, 2012) (finding that the Spartanburg County Sheriff's Department should be dismissed as it was not a person amenable to suit under § 1983), *adopted by* 2012 WL 2427889 (D.S.C. June 27, 2012). Therefore, because the LSD is not amenable to suit pursuant to § 1983, the undersigned recommends it be dismissed.

2.    Sheriff Faile

Plaintiff names Sheriff Faile as a defendant. However, Plaintiff has failed to allege that Sheriff Faile violated any particular constitutional right. At most, Plaintiff implies that Sheriff Faile defamed him. There is no right to relief under § 1983 or the Fourteenth Amendment for a claim of defamation against a state actor. *Paul v. Davis*, 424 U.S. 693, 694 (1976). Harm to a person's reputation does not deprive him of any "liberty" or "property" interests protected by the Due Process Clause. *Id*.

Additionally, causes of action based on state law, such as defamation, generally may only be heard in federal court where there is diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(a). Plaintiff has not alleged that diversity jurisdiction exists over his claims and it appears that all parties are citizens of South Carolina. Thus, complete diversity of parties is lacking and the court cannot exercise jurisdiction over Plaintiff's

defamation claim to the extent he asserts one. Therefore, the undersigned recommends Sheriff Faile be summarily dismissed.

3.    Lancaster Newspaper Owner and Chief Editor

Plaintiff names the Lancaster Newspaper Owner and Chief Editor (the "Newspaper Defendants") as defendants.  Purely private conduct, such as that alleged against the Newspaper Defendants, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983.  *See Lugar*, 457 U.S. at 936; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).  Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state.  The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself."  *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991 (1982), the United States Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action.  *Id.* at 1004.

In the instant action, Plaintiff does not allege a "nexus" between the Newspaper Defendants and law enforcement officials or other state officials or employees that would support a claim of state action. In the absence of allegations showing these defendants to be state actors, Plaintiff's allegations fail to state a viable claim under § 1983.

Additionally, as discussed above, the court lacks diversity jurisdiction over Plaintiff's defamation claim. Therefore, the undersigned recommends the Newspaper Defendants be summarily dismissed.

III.    Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the complaint without prejudice and without issuance and service of process based upon Plaintiff's failure to state a claim on which relief may be granted.

IT IS SO RECOMMENDED.

*[signature]*

March 28, 2013                                          Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).