IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse M. James, ) | C/A No.: 0:13-210-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Lancaster Sheriff's Department; Barry Faile; ) | |
| Lancaster Newspaper Owner; and Chief Editor, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The *pro se* plaintiff, Jesse M. James, brings this civil action *in forma pauperis* and pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. He contends that the defendants published a newspaper article which stated that he was a burglar, when he asserts that he was found guilty only of receiving stolen goods. He seeks $100,000,000 in actual damages and $10,000,000 in punitive damages. The defendant is presently incarcerated at the Kirkland Correctional Institution of the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has timely done so.

The Magistrate Judge suggests, and this court agrees, that defendant Lancaster Sheriff's Department should be dismissed because it is not a proper party defendant in this § 1983 action. Specifically, the Lancaster Sheriff's Department is not a "person" amenable to suit under 42 U.S.C. § 1983.

With regard to defendant Sheriff Faile, the Magistrate Judge correctly opines that the plaintiff has failed to allege that Sheriff Faile violated any particular constitutional right. To the extent that the plaintiff claims Sheriff Faile defamed him, there is no right to relief for a claim of defamation by a state actor under § 1983 or the Fourteenth Amendment.

The Magistrate Judge next suggests that the newspaper defendants should be dismissed because purely private conduct, such as that alleged against the newspaper defendants, is not actionable under § 1983. Moreover, the plaintiff has failed to allege a nexus between the newspaper defendants and law enforcement defendants which might support a claim of action.

Finally, the Magistrate Judge properly notes that this court lacks diversity jurisdiction over plaintiff's defamation claims, to the extent such claims are asserted.

The court has conducted a *de novo* review of the plaintiff's objections to the Report and has reviewed the plaintiff's attachments to the objections which include copies of the newspaper articles referred to in the plaintiff's complaint. However, this

court is without jurisdiction to entertain these claims for the reasons set out in this order and in the Magistrate Judge's Report. Therefore, the objections are overruled.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 30, 2013                  Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge